Filed 8/4/21  P. v. Polson CA4/1

### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D078158 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF32385) |
| ANN MARIE POLSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Imperial County, Marco Nunez, Judge.  Affirmed.

Cliff Gardner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

In 2014, Ann Marie Polson pleaded guilty to voluntary manslaughter and admitted the use of a firearm (Pen. Code,[1] §§ 192, subd. (a) and 12022.5) as part of a plea agreement. The remaining charges and allegations were dismissed. The court sentenced Polson to a determinate term of 21 years in prison.

In 2020, Polson filed a petition for resentencing pursuant to section 1170.95. In her petition, Polson alleged she pleaded guilty to manslaughter to avoid a conviction for murder under the felony murder rule or the natural and probable consequences doctrine. The trial court appointed counsel, received briefing, and then denied the petition on the grounds her conviction for manslaughter rendered Polson ineligible for resentencing under Senate Bill No. 1437.

Polson filed a timely notice of appeal.

In her appeal, Polson argues even though section 1170.95 relief is specifically predicated on a conviction for first or second degree murder, we should read the statute to impliedly include conviction for manslaughter based on pleas entered to avoid a trial on improper theories of liability for murder. She further argues to reject her contention would result in a denial of equal protection. Polson acknowledges that all the opinions of the appellate courts thus far have rejected all of her arguments. She contends that all of those opinions were wrongly decided.

As we will explain, we are satisfied the appellate decisions have correctly rejected the arguments Polson is making now. We will follow the

---

[1]     All further statutory references are to the Penal Code.

2

unanimous opinions of this court and the other courts that have analyzed the issues.[2]

## DISCUSSION

Polson makes two arguments in support of her contention her guilty plea to voluntary manslaughter makes her eligible for resentencing under Senate Bill No. 1437 and section 1170.95. She contends proper statutory interpretation would lead to the conclusion the Legislature intended cases such as hers would qualify for relief, even though the specific language of the statute conditions relief on prior conviction for murder. She further argues denial of her petition for relief would deprive her of equal protection.

All the published opinions of the Courts of Appeal have soundly rejected both arguments. (*People v. Paige* (2020) 51 Cal.App.5th 194, 203; *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887; *People v. Turner* (2020) 45 Cal.App.5th 428, 438 (*Turner*); *People v. Harris* (2021) 60 Cal.App.5th 557, 569-570, review granted Apr. 21, 2021, S267529; *People v. Sanchez* (2020) 48 Cal.App.5th 914, 916; *People v. Flores* (2020) 44 Cal.App.5th 985, 993.)

In *Turner*, this court discussed the same arguments as are presented here. Like the other courts that have addressed the issues, we squarely rejected the arguments. We will not repeat the analysis we conducted in *Turner*. Rather, for the reasons expressed by this court in *Turner*, we again reject the contention that a plea of guilty to manslaughter in order to avoid a murder trial qualifies the defendant for resentencing under section 1170.95. On the record before us, Polson is not eligible for resentencing as a matter of law, and the trial court properly denied her petition.

---

[2] The facts of the offense are not material to the issue presented here. We will omit the traditional statement of facts.

DISPOSITION

The order denying Polson's petition for resentencing under section 1170.95 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


AARON, J.


GUERRERO, J.

4